# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0460 | **DATE** | February 16, 2012 |
| **CASE TITLE** | Larry D Hodges (#N-42317) vs. Anton Hruby, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $31.86 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Robinson Correctional Center. The Clerk is directed to issue summons for service on Defendant Hruby by the U.S. Marshal. On the Court's own motion, all other Defendants are dismissed on preliminary review pursuant to 28 U.S.C. § 1915A. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [#7] is denied, without prejudice.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

    Plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff sues two Darien police officers, the City of Darien, and the Darien Police Department, claiming an alleged constitutional violation. Plaintiff alleges that a Darien police officer used excessive force against him, unnecessarily kneeing Plaintiff in the back as he exited his car, and causing lingering disability.

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $31.86. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Hruby, the arresting officer. While a more fully developed record may belie Plaintiff's allegations, Officer Hruby must respond to the complaint.

However, the complaint is summarily dismissed on initial review as to Officer Kosieniak, the Darien Police Department, and the City of Darien.

Plaintiff has alleged no facts suggesting Kosieniak's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has the plaintiff indicated that the alleged violation of his constitutional rights occurred at Kosieniak's direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 62, 129 S. Ct. 1937, 1948 (2009) ("[P]laintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Kosieniak, who is not even mentioned in the body of the complaint, is dismissed as a Defendant.

The Darien Police Department, in turn, is not a proper Defendant. *See, e.g., Courtney v. City of Chicago*, 439 Fed. Appx. 557, 557 n.1 (7th Cir. Dec. 2, 2011) (adjusting the case caption because "a police department is not a suable entity in Illinois"), citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997).

With regard to the City of Darien, Illinois, the doctrine of *respondeat superior* (blanket municipal liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Monell v. New York Dept. of Social Services,* 436 U.S. 658, 691 (1978); *Thompson v. Boggs*, 33 F.3d 847, 859 n.11 (7th Cir. 1994) ("*Monell* expressly holds that there is no cause of action for *respondeat superior* liability against a municipal corporation under 42 U.S.C. § 1983"). "[A] local government may not be sued under §1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694.

A governmental entity is responsible under Section 1983 only when the execution of a governmental policy or custom inflicts the injury. *Valentino v. Village of South Chicago Heights*, 575 F.3d 664, 674-675 (7th Cir. 2009), *citing Monell*, 436 U.S. at 694. A municipality cannot be held liable for a constitutional violation in the absence of a custom, policy or practice that effectively caused or condoned the alleged constitutional violations. *See, e.g., Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010); *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006); *Monell*, 436 U.S. at 694. The policy or custom must be the "moving force" behind the alleged constitutional deprivation. *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). A plaintiff must show a "direct causal link between the municipal policy and the constitutional deprivation." *Arlotta v. Bradley Center*, 349 F.3d 517, 522 (7th Cir. 2003). Here, Plaintiff suggests no official custom or policy authorizing Darien police
**(CONTINUED)**

officers to use excessive force; to the contrary, unjustified force would presumably violate police standards. Accordingly, the City itself is not a proper Defendant in this action. Plaintiff may proceed only against Officer Hruby.

The Clerk shall issue summons forthwith for service on Defendant Hruby only. The United States Marshals Service is appointed to serve Defendant Hruby. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendant. If Officer Hruby can no longer be found at the work address provided by Plaintiff, the Darien Police Department shall furnish the Marshal with the Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. **Plaintiff is once again reminded that he must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed.** In addition, Plaintiff must send an exact copy of any court filing to the Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of the Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Finally, Plaintiff's motion for appointment of counsel is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Johnson*, 433 F.3d at 1006. When a *pro se* litigant submits a request for appointment of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the Court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. First, Plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. In any event, although the complaint sets forth **(CONTINUED)**

| STATEMENT (continued) |
|---|

cognizable claims, Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. Plaintiff, whose submissions to date have been coherent and articulate, appears more than capable of presenting his case. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.